UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN INTERNATIONAL INDUSTRIES,<br><br>              Plaintiff,<br><br>       v.<br><br>SHARIDAN STILES,<br><br>              Defendant. | No.  2:19-cv-01218-KJM-DMC<br><br><br>ORDER |

Before the court is the parties' joint status report and request to stay this action

pending the result of dispositive motions in a related case.  Joint Status Report, ECF No. 37.  For

the reasons described below, the court GRANTS the parties' joint request to stay the case.

I.       FACTUAL AND PROCEDURAL BACKGROUND

This multi-action patent infringement dispute between plaintiff American International

Industries (AII) and defendant Sharidan Stiles (Stiles) regarding the manufacture and sale of

plaintiff's personal razor products has lasted nearly six years.  Compl. ¶ 1, ECF No. 1.  On

September 25, 2014, Stiles filed a complaint in this district against plaintiff and its retailer, Wal-

Mart Stores.  *Id.*  That complaint was previously before another court in this district, but it has

now been related to this case and is also before this court.  *See Stiles v. Walmart Stores, Inc. et

al.*, E.D. Cal. Case No. 14-cv-22345-KJM-DMC ("Main Action"); *see also* Order, ECF No. 15.

1

1   The Main Action involves infringement claims for Stiles' U.S. Patent No. 9,108,329 and U.S.

2   Patent No. D542,468, antitrust claims, and unfair competition claims.

3          On June 6 and 7, 2019, Stiles filed three actions in the Eastern District of Texas against

4   AII's retailers: Target, CVS, HEB and Walmart.  Joint Status Report at 2.  Those three actions

5   involve infringement claims for Stiles' '329 Patent, as well as the '689 Patent at issue in this

6   action.

7          On July 1, 2019, AII filed the complaint in this action.  Compl. at 1.  AII seeks a

8   declaratory judgment of non-infringement and invalidity of Stiles' U.S. Patent No. 9,707,689,

9   which "is a continuation of the '329 patent at issue in the Main Action."  Joint Status Report at 2;

10  *see also* Compl. ¶ 9.

11      II.      LEGAL STANDARD

12         A district court has the authority to issue a discretionary stay of a case pending

13  before it "by virtue of its inherent power to control the progress of the cause so as to maintain the

14  orderly processes of justice."  *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Enelow v. New*

15  *York Life Ins. Co.*, 293 U.S. 379, 382 (1935)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254

16  (1936) (Power to stay is "incidental to the power inherent in every court to control the disposition

17  of the causes on its docket with economy of time and effort for itself, for counsel, and for

18  litigants.").  Whether to stay a case is an "exercise of judgment, which must weigh competing

19  interests and maintain an even balance."  *Landis*, 299 U.S. at 254–55.

20      III.     DISCUSSION

21         As the parties state in the Joint Status Report, the '329 Patent in the Main Action

22  and the '689 Patent here are related.  Joint Status Report at 3.  The '689 Patent here is "directed to

23  a razor for removing unwanted hair from the body and is a continuation patent claiming priority

24  to U.S. Patent Application Number 11/775,688 issued as U.S. Patent No. 9,108,329 ("the '329

25  Patent") on August 18, 2015."  Compl. ¶ 11.  As a continuation of the '329 Patent, the '689 Patent

26  is identical to the '329 Patent and the patent claims for both "are substantially similar in scope."

27  *Id.*

28  /////

2

1       The parties argue these similarities show that questions "in the Main Action

2   relating to validity of Stiles' '329 Patent and infringement of the '329 Patent by the 'Ardell

3   Precision Shaper' may significantly impact or even moot the claims at issue in the present

4   action." Joint Status Report at 3.  As a result, the parties agree the dispute about the '329 Patent

5   in the Main Action should go forward "prior to active litigation of the present action, in order to

6   save substantial court and attorney resources, avoid duplication of efforts and facilitate more

7   uniform control of the litigation." *Id.*

8       Having considered its powers "to maintain the orderly processes of justice," the

9   court agrees with the parties' assessment of the relationship between instant action and the Main

10  Action.  Simultaneously considering dispositive motions in both actions, which regard identical

11  patents with "substantially similar" patent claims, would waste judicial resources.  Moreover, the

12  timeline and nature of this overall dispute—one which has lasted nearly six years, involves two

13  judicial districts in two states, and multiple actions brought by parties on opposing sides of the

14  first complaint in 2014—calls on the court to use its discretion to help this case progress.  The

15  fact that both parties admit a stay is necessary further demonstrates the sound basis for the court

16  granting this request.  Collectively, the legal and factual reasons here merit granting this request

17  for a stay.

18      IV.     CONCLUSION

19          With good cause appearing, the court GRANTS the parties' joint request to stay

20  these proceedings pending the dispositive motions regarding the '329 Patent in *Stiles v. Walmart*

21  *Stores, Inc. et al.*, E.D. Cal. Case No. 14-cv-2234-KJM-DMC ("Main Action").  In addition, it is

22  hereby ORDERED the parties' file an updated joint status report with the Court within 30 days of

23  any decision on the dispositive motions in the Main Action.  All other existing deadlines and

24  hearing dates in this action are VACATED until the stay is lifted.

25          IT IS SO ORDERED

26  Dated:  April 27, 2020.

27                                                  CHIEF UNITED STATES DISTRICT JUDGE

28

3