1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AMERICAN INTERNATIONAL                    No.  2:19-cv-01218-DAD-AC (PS)
     INDUSTRIES,
12
                     Plaintiff,
13                                             ORDER ADOPTING FINDINGS AND
           v.                                  RECOMMENDATIONS AND GRANTING
14                                             PLAINTIFF AND COUNTER
     SHARIDAN STILES,                          DEFENDANT'S MOTION FOR SUMMARY
15                                             JUDGMENT
                     Defendant.
16                                             (Doc. Nos. 81, 85)

17   SHARIDAN STILES,

18                   Counter Claimant,

19         v.

20   AMERICAN INTERNATIONAL
     INDUSTRIES,
21
                     Counter Defendant.
22

23

24   /////

25   /////

26   /////

27   /////

28   /////

                                          1

Defendant and counter claimant Sharidan Stiles is proceeding *pro se* and this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(21).[1]

On February 14, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for summary judgment be granted.  (Doc. No. 85.)  Specifically, the magistrate judge concluded that based upon the evidence before the court on summary judgment: 1) "no reasonable jury could conclude that the Precision Shaper literally infringes the 689 Patent;" and 2) "even disregarding the extension of the safety guard beyond the cutting edge, the Precision Shaper cannot infringe the independent claims of the 689 Patent under the doctrine of equivalents."  (*Id*. at 9–11.)  Accordingly, the magistrate judge recommended that plaintiff American International Industries' motion for summary judgment both as to its first cause of action for declaratory judgment of non-infringement regarding Stiles' Patent No. 9,707,689 (the "689 Patent") and as to defendant Stiles' Count I for willful infringement of the 689 Patent as asserted in her answer and counterclaim, be granted. (*Id*. at 11.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 11–12.)  On March 4, 2025, defendant filed objections to those findings and recommendations (Doc. No. 86) however, as pointed out by plaintiff (Doc. No. 87), erroneously filed them in related and closed Case No. 2:14-cv-02234-DAD-AC.[2]  *See* Case No. 2:14-cv-02234-DAD-AC, Doc. No. 640.)  On March 13, 2025, plaintiff filed a response to defendant's objections.  (Doc. No. 87.)

In her objections, defendant Stiles appears to complain of what she contends was misconduct on the part of the opposing parties and their counsel in this and the several other

---

[1]  When this action was initiated, defendant was represented by counsel.  However, on August 7, 2023, the court granted defendant's latest attorneys' motion to withdraw as counsel of record. (Doc. No. 60.)  Since that time, defendant has been proceeding *pro se* in this action.

[2]  The court has fully considered defendant Stiles' objections to the pending findings and recommendations.  The court will also direct that that the objections docketed in Case No. 2:14-cv-02234-DAD-AC at Doc. No. 640, be docketed in this action as well.

related cases before this court.  (Doc. No. 640.)  Defendants Stiles also asserts that this and the

related cases should have been resolved by way of settlement and suggests that judgment should

not be entered in favor of plaintiff but rather that this case should proceed to trial.  (*Id*. at 2.)  In

its reply to defendant Stiles' objections, plaintiff American International Industries points out that

any objection defendant Stiles has to the court's rulings in her related antitrust actions have no

relevance to the consideration of the pending findings and recommendations in this case.  (Doc.

No. 87 at 2.)  Moreover, as noted by plaintiff, defendant Stiles failed to file any opposition to its

pending motion for summary judgment and failed to establish a disputed issue of material fact

precluding the granting of summary judgment as to whether plaintiff's product infringes on

defendant Stiles' continuation patent.  (*Id.*)  Plaintiff also points out, that although irrelevant to

the court's consideration of the pending findings and recommendations, plaintiff and the court

attempted to conduct settlement conferences in this case only to be unsuccessful due to defendant

Stiles' last-minute refusal to participate.  (*Id.* at 3–4.)  In short, as accurately described by

plaintiff in its response, defendant Stiles' objections provide no basis upon which the undersigned

should decline to adopt the thorough and well–reasoned pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

*de novo* review of the case.  Having carefully reviewed the entire file, including defendant's

objections and plaintiff's response thereto, the court concludes that the findings and

recommendations are supported by the record and by proper analysis.

Accordingly:

1.    The Clerk of the Court is directed to docket the objections appearing on the docket

in Case No. 2:14-cv-02234-DAD-AC at Doc. No. 640, in this action as well;

2.    The findings and recommendations filed February 14, 2025 (Doc. No. 85), are

adopted in full;

3.    Plaintiff's motion for summary judgment (Doc. No. 81) is GRANTED, and

judgment is entered in plaintiff's favor as to (1) plaintiff's first cause of action for

declaratory judgment of non-infringement regarding Stiles' Patent No. 9,707,689

(the "689 Patent"), and (2) defendant Sheridan Stiles' Count I for willful

infringement of the 689 Patent as asserted in defendant's answer and counterclaim; and

4.      The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated:   **March 19, 2025**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4